### OLIVER v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 5159.

Circuit Court of Appeals, Fourth Circuit.

Nov. 16, 1943.

Robert A. Littleton, of Washington, D. C., for petitioner.

S. Dee Hanson, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before SOPER and DOBIE, Circuit Judges, and WARING, District Judge.

#### PER CURIAM.

The taxpayer seeks a review of deficiencies in income taxes for the years 1938, 1939 and 1940 determined by the Commissioner of Internal Revenue on the ground that gain received by the taxpayer from the sale of lots of ground in Fairfax County, Virginia, was derived from property held by him primarily for sale to customers in the ordinary course of his trade or business. If the gain was derived in this fashion it constituted ordinary income taxable under Section 22(a) and not a capital gain taxable under Section 117(a) (1) of the Revenue Act of 1938, 52 Stat. 447, 26 U.S.C.A. Int. Rev. Acts, page 1008, and page 1061.

The taxpayer stated in his returns for the period that his principal occupation or profession was real estate and the undisputed evidence indicates that he was in fact engaged in this business. Between 1914 and 1926 he had acquired 6 tracts of land aggregating 250 acres near Bailey's Cross. Roads, Virginia. Of this he farmed the home place consisting of 95 acres and used the balance for grazing cattle. Before 1929 he operated a dairy in connection with the farm but in that year he sold the dairy and most of the cattle and reduced his operations to farming the home place, raising cattle and taking in cattle to graze. He then began the operations upon which the Commissioner's determination and the Tax Court's findings were based. Between 1929 and 1938 he sold land in 2, 3, 5 and 10 acre tracts aggregating in all nearly 75 acres. He found that his proximity to Washington gave rise to a demand for his property and he caused surveys to be made and subdivisions of the tracts to be laid out, the last being the home place in 1938. At considerable expense and under his personal

supervision streets were laid out and graded and graveled from time to time, and conduit pipe was installed where necessary for drainage purposes. The subdivisions were given different names and 548 lots were marked off on the plats. In 1938 he sold 24 lots, in 1929 16 lots and in 1940 40 lots, or 80 lots in all during the tax years in question. The lots were sold on the instalment basis for a small cash payment and reported as completed transactions for income tax purposes. The taxpayer also erected some houses on the property for rental purposes. The taxpayer took out no license as a real estate operator and he did not advertise the property except by the erection of a sign on the home place showing that lots and acreage were for sale. He continued to farm such part of the home place for which demand had not developed and took prospective buyers to inspect the various properties when they inquired at his home. No income was shown as received from his farm activities but income was shown from sales of real estate and from rents and interest received.

Under these circumstances we think that the Tax Court was fully justified in its conclusions that the taxpayer was engaged in two occupations—that of farming and that of selling lots—and that his land was being held by him primarily for sale to customers in the ordinary course of his real estate business.

Affirmed.