Alfred S. V. CARPENTER, Plaintiff,

v.

A. G. ERICKSON, District Director of Internal Revenue, Portland District, Portland, Oregon, Defendant.

Civ. No. 64–478.

United States District Court
D. Oregon.

June 20, 1966.

G. W. Kellington, Harbison, Kellington & Kellington, George M. Roberts, Roberts, Branchfield & Heffernan, Medford, Or., for plaintiff.

Richard M. Roberts, Acting Asst. Atty. Gen., Jerome Fink, Gary P. Smith, Attys., Dept. of Justice, Sidney I. Lezak, U. S. Atty., Michael L. Morehouse, Asst. U. S. Atty., Portland, Or., for defendant.

## OPINION

SOLOMON, Chief Judge:

Plaintiff filed this action to recover additional taxes and interest assessed

and paid after a claimed "business bad debt loss" was reclassified as a "non business bad debt loss" on his 1960 income tax return. The sole question is whether the loss arose out of a *business* or a *non business* debt.

Plaintiff guaranteed loans for Southern Oregon Moulding Co. (Somco) in 1958, 1959, and 1960. In 1960 the loans totaled $102,500.00. Plaintiff had no other financial interest in Somco. He guaranteed these loans for a fee of ¼ of 1% per annum. In 1960, on demand of the lending bank, plaintiff paid the Somco loans which he had guaranteed. It is agreed that $58,061.09 is the amount of the loss.

Plaintiff contends that he was engaged in the business of financing small businesses from 1955 through 1962 and that the loss was incurred in that business. If so, Section 166(a) (1) of the Internal Revenue Code of 1954 permits plaintiff to deduct the entire loss from gross income.

The Government contends that this loss is a "non business bad debt loss" because plaintiff was an investor and not engaged in the financing business. A "non business debt" is defined as,

> " * * * a debt other than (A) a debt created or acquired (as the case may be) in connection with a trade or business of the taxpayer; or (B) a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business." Section 166(d) (2), Internal Revenue Code of 1954. 26 U.S.C.A. § 166(d) (2).

A loss arising out of a "non business debt" is treated as a short term capital loss and is restricted by Section 1211, Internal Revenue Code of 1954, to offsetting capital gains plus $1,000.00 of other income. 26 U.S.C.A. § 1211(b).

Plaintiff and his deceased wife were people of great wealth, and the bulk of their income came from International Business Machines Corporation and other "blue-chip" stocks and bonds. He owned a pear orchard. His 1960 income tax return listed his occupation as an "orchardist".

It is conceded that plaintiff financed at least seven corporations and individuals on one or more occasions from 1955 through 1962. In each instance plaintiff guaranteed a bank loan and received a fee of ¼ of 1% of the loan per annum. The loans ranged in size from $7,500.00 to $133,000.00. He was known in his community for financing local business he thought would succeed. In Atterbury v. Carpenter, 9 Cir. 1963, 321 F.2d 921, a case involving the same loan, the Court noted, " * * * Somco then got in touch with appellee Carpenter who, it knew, had engaged in the business of corporate financing."

Because of the source of most of plaintiff's income, the Government contends that he was an investor and that the guarantee agreements are part of his investment activities. An investor is not engaged in a "business" under this statute. Higgins v. Commissioner of Internal Revenue, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783 (1941). However, a taxpayer may have more than one business or trade for income tax purposes. Oliver v. Commissioner of Internal Revenue, 4 Cir. 1943, 138 F.2d 910. It is a factual issue in each case whether a taxpayer is involved in a particular business. Higgins v. Commissioner of Internal Revenue, supra.

This case was submitted to me on the pleadings, the pretrial order, a statement of agreed facts, plaintiff's deposition, and exhibits.

I find that the plaintiff was in the business of financing businesses by loaning money and credit from 1955 through 1962 and that the loss of $58,061.09 was incurred in that business. The loss therefore was a business bad debt and is deductible from gross income.

I am not impressed by the Government's arguments that plaintiff's activities do not constitute a business because he guaranteed loans primarily to improve his community and he charged

too little interest. A public-spirited motive does not deprive an enterprise of "business" status. It is no more relevant than the fact that plaintiff contributed millions to educational institutions and charities from 1958 to 1961. In seeking to develop his community, plaintiff was doing what every bank professes to do. Shall banks lose their bad debt deduction? Plaintiff probably did not fully appreciate the hazards of guaranteeing this loan; or, knowing them, did not charge a high enough fee. But poor business judgment does not disqualify an activity from being a "business."

This opinion will serve as findings of fact and conclusions of law under Rule 52(a) of Fed.R.Civ.P. Counsel are directed to compute the refund in accordance with these findings.