ESTATE of Herman KLEIN, Deceased,
et al., Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 823, Docket 75–4257.

United States Court of Appeals,
Second Circuit.

Argued April 29, 1976.

Decided June 29, 1976.

Paul M. Levinson, New York City (Henry Mayer, Mayer, Weiner & Levinson, New York City, of counsel), for appellant.

David E. Carmack, Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Elmer J. Kelsey, John A. Dudeck, Jr., Tax Div., Dept. of Justice, Washington, D. C., of counsel), for appellee.

Before LUMBARD, WATERMAN and MESKILL, Circuit Judges.

MESKILL, Circuit Judge:

Bebe Klein, individually and as co-executor of the estate of Herman Klein, deceased, and Malcolm B. Klein and Ira K. Klein, the remaining co-executors of that estate, appeal from a judgment of the United States Tax Court, Dawson, *J.*, which held that Bebe Klein was not entitled to the benefits of the "innocent spouse" provisions of Section 6013(e) of the Internal Revenue Code of 1954 ("the Code"), 26 U.S.C. § 6013(e).[1] The tax court, in its opinion

1. 26 U.S.C. § 6013(e) provides as follows:

"(e) *Spouse relieved of liability in certain cases.*

(1) *In general.*—Under regulations prescribed by the Secretary or his delegate, if—

(A) A joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of,

and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the

reported at 63 T.C. 585 (1975), concluded that the "innocent spouse" protection was not available because the amount of gross income which was omitted from Herman and Bebe Klein's joint tax return for the taxable year 1955 did not exceed twenty-five percent of the amount of gross income "stated in the return" as is required by Section 6013(e)(1)(A) of the Code. We agree with the result reached by the tax court and affirm.

Section 6013(e) is designed to relieve the co-signer of a joint income tax return from liability for certain deficiencies caused by the omission from the return of a significant amount of gross income attributable to the other spouse. The applicability of this section, however, does not depend entirely on the equities of each particular situation. Rather, the "innocent spouse" must meet specific criteria in order to qualify for this statutory protection. First, the "innocent spouse" must show that in the joint return for the tax year in question "there was omitted from gross income an amount properly includable therein which is attributable to [the other] spouse and which is in excess of 25 percent of the amount of gross income stated in the return." 26 U.S.C. § 6013(e)(1)(A). It is this requirement that the tax court determined had not been met by appellant Bebe Klein. The parties stipulated that she had met the further equitable requirements, namely that "she did not know of, and had no reason to know

of" the omission of income (26 U.S.C. § 6013(e)(1)(B)), and that, taking into account all of the other facts and circumstances, including whether or not she had benefited either directly or indirectly from the omission, it would be inequitable to hold her liable for the deficiency attributable to it (26 U.S.C. § 6013(e)(1)(C)). Consequently, the only issue presented on this appeal is whether or not the tax court correctly interpreted the requirements of subparagraph (A) as they apply to the facts in this case.

The essential facts were stipulated and so found by the tax court.[2] During the tax year involved here, 1955, Herman Klein, who died in 1964, owned a thirty percent interest in two dress manufacturing partnerships, Miss Smart Frocks and C & S Dress Company. Those partnerships filed a partnership return for the taxable year beginning May 1, 1954 and ending April 29, 1955, using the accrual method of accounting and showing gross sales receipts in the amount of $3,545,911.95 and income from contracting in the amount of $141,457.40. The partnership return further reported the partnerships' net income to be in the amount of $311,594.62, and, in Schedule K thereof, Herman Klein's distributive share of that net income to be in the amount of $90,845.89.

Herman and Bebe Klein timely filed a joint income tax return for the taxable year 1955.[3] In that return they reported interest

extent that such liability is attributable to such omission from gross income.

(2) *Special rules.*—For purposes of paragraph (1)—

(A) the determination of the spouse to whom items of gross income (other than gross income from property) are attributable shall be made without regard to community property laws, and

(B) the amount omitted from gross income shall be determined in the manner provided by section 6501(e)(1)(A)."

2. The tax court did note a contradiction between the size of the omission from income stipulated by the parties and that which it found had been omitted. It felt that the difference would have no effect upon the outcome of the case and thus gave no reasons for its finding. Since we agree that the difference will not affect the outcome, we shall give the appellants

the benefit of the stipulation and use, solely for the purposes of the computations appearing later in this opinion, *infra* n. 11, the $45,733.28 figure stipulated by the parties. We express no opinion with respect to the legal accuracy of the stipulation's inclusion as an omission from gross income the $18,495.74 figure which resulted from the disallowance of certain deductions claimed by the partnerships on their return.

3. We note that the partnerships' taxable year as reported on the partnership return differs from the taxable year as reported on Herman and Bebe Klein's return, in apparent violation of the provisions of § 706(b) of the Code, 26 U.S.C. § 706(b), which require generally that a partnership and its principal partners adopt the same taxable years. Since neither the parties nor the tax court has mentioned this problem

income in the amount of $191.21, royalty income in the amount of $494.05 and partnership income in the amount of $90,845.89, which components totalled $91,531.15. The $90,845.89 figure reported as partnership income on the joint income tax return, of course, represented Herman's distributive share of the partnerships' net income as reported on the partnership return. Herman and Bebe Klein's joint income tax return omitted dividend income in the amount of $21,994.29, interest income in the amount of $43.25, "other" income in the amount of $5,200.00 and the $18,495.75 referred to in the margin,[4] for a total of $45,733.28, all of which was attributable solely to Herman Klein.

The question put squarely before us then, is whether or not the $45,733.28 concededly omitted from gross income on the joint income tax return exceeded twenty-five percent of the amount of gross income stated in the return. Appellants contend that the gross income stated in Herman and Bebe Klein's joint income tax return was $91,531.15, the actual amount reported on the Form 1040, including, insofar as the partnership income is concerned, only Herman's distributive share of the partnerships' net profits. Since the amount of gross income omitted from the return, $45,733.28, exceeds twenty-five percent of $91,531.15, they assert that the requirements of § 6013(e)(1)(A) have been met.

The tax court and the appellee Commissioner of Internal Revenue ("Commissioner"), however, reading the joint income tax return, Form 1040, as if it included the partnership return, Form 1065, concluded that the gross income reported by Herman and Bebe Klein was $1,106,896.07, which figure includes Herman's thirty percent distributive share, $1,106,210.81, of the partnerships' reported gross receipts income. There can be no doubt that if the tax court's approach is correct, the amount omitted from gross income does not even approach the twenty-five percent threshold required by § 6013(e)(1)(A).

It is beyond dispute that the statutory definition of gross income includes a partner's distributive share of the partnership's gross income. Sections 61(a)(13) and 702(c) of the Code, 26 U.S.C. §§ 61(a)(13) and 702(c), specifically so state.[5] These definitions, however, provide only a starting point from which to determine whether or not a partner's distributive share of the partnership's gross income is his gross income "stated" in his return for the purposes of § 6013(e)(1)(A). Appellants argue that regardless of the general statutory definition of gross income, the only gross income "stated" in the return for the purposes of § 6013(e) is that which is actually entered on the joint income tax return, Form 1040. They argue that if the legislation had been meant to include a partner's distributive share of the partnership's gross income, which is generally and properly reported only on the partnership return, § 6013(e)(1)(A) would have provided that the amount omitted must be in excess of twenty-five percent of the amount of gross income "stated in the *returns*." However logical that argument may seem in the abstract, it ignores both the function of the particular return forms used in a partnership situation and the consistent line of tax court decisions which have held that, in other situations, the partnership return

and since all arguments in this Court are based upon the assumption that Herman and Bebe Klein are liable, in their 1955 tax year, for Herman's share of the partnerships' May 1, 1954 through April 29, 1955 taxable income, we shall assume the same.

4. See *supra*, n. 2.

5. 26 U.S.C. § 61(a)(13) provides as follows: "(a) *General definition.*—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

\* \* \* \* \* \*

"(13) Distributive share of partnership gross income."
26 U.S.C. § 702(c) provides as follows:
"(c) *Gross income of a partner.*—In any case where it is necessary to determine the gross income of a partner for the purposes of this title, such amount shall include his distributive share of the gross income of the partnership."

must be read as an adjunct to a partner's individual or joint income tax return. When one simply looks at the 1955 version of the Form 1040 and its various schedules, the reasoning behind the tax court's decisions becomes apparent.

Schedule H of Form 1040, labelled "Income from Partnerships, Estates, Trusts, and Other Sources," provides only one line for reporting partnership income together with the name and address of the partnership from which that income was derived. Schedule H speaks in terms of "[t]otal income (or loss)," the reference to losses obviously suggesting only a net (adjusted gross) rather than a gross income figure. Given that limitation upon the scope of the Form 1040, it is clear that the return neither intends nor purports to show a taxpayer's gross income when that taxpayer has partnership income. Indeed, *gross* income is not "stated in the return" in the case of such a taxpayer unless one looks at the partnership return as being a part of the personal income tax return. Appellants' argument would in essence have us read the term *gross* income out of § 6013(e)'s requirements and insert instead merely "income" or "adjusted gross income." We cannot so read the statute.

Nor does the inclusion of the partnership return as an adjunct to the joint return require a subversion of Congressional intent by changing the singular "return" in § 6013(e)(1)(A) to the plural as alleged by the appellants. That argument misconceives both the status of partnerships within the tax structure as set forth in the Code and the function of the partnership return.

A partnership, while it may be more or less a definite entity depending upon the jurisdiction in which it is located, and while it may or may not own property or commence legal actions in its own right, is simply not a taxable entity under the Code. 26 U.S.C. § 701.[6] That being the case, the return required to be filed by a partnership, 26 U.S.C. § 6031, is not an income tax return. It is essentially an information return. *See* 6 J. Mertens *Law of Federal Income Taxation* (1975 Rev.), § 35.91 at 265; *Jack Rose*, 24 T.C. 755, 768–69 (1955); *cf. Elliott J. Roschuni*, 44 T.C. 80, 84–86 (1965). There would be little reason for Congress to require a nontaxable entity, here a partnership, to file a return if that return were not to be read with the personal returns of the very taxpayers who derive their income from the partnership. The partnership return's primary function is to provide information to the Commissioner with respect to the individual returns of the partners. In effect, the partnership return must be read together with, or as an adjunct to the partner's personal income tax return in order for it to have any value at all. We fail to see why that function should be altered by our holding that the partnership return is unavailable to determine the extent of a partner's gross income "stated in [his] return."

As the tax court pointed out, § 6013(e)(2)(B)[7] itself provides convincing support for the Commissioner's position. That part of the innocent spouse section directs that the determination of "the amount omitted from gross income" should be made in "the manner provided by section 6501(e)(1)(A) [26 U.S.C. § 6501(e)(1)(A)]," [8]

---

**6.** 26 U.S.C. § 701 provides as follows:

"A partnership as such shall not be subject to income tax imposed by this chapter. Persons carrying on business as partners shall be liable for income tax only in their separate or individual capacities."

**7.** See *supra*, n. 1.

**8.** 26 U.S.C. § 6501(e)(1)(A) provides as follows:

"(e) *Substantial omission of items.*—Except as otherwise provided in subsection (c)—

(1) *Income taxes.*—In the case of any tax imposed by subtitle A—

(A) *General rule.*—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. For purposes of this subparagraph—

(i) In the case of a trade or business, the term 'gross income' means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to

the section which determines whether or not the Commissioner will be able to extend to six years the general three year statute of limitations. The purpose of § 6501(e)(1)(A) is to extend the statute of limitations for the assessment or collection of income taxes in situations literally identical to those required in the innocent spouse provision, namely, where the taxpayer "omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return . . . ." According to subparagraph (ii) of § 6501(e)(1)(A), an amount is not "omitted from gross income stated in the return" if it is "disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such item." Essentially, § 6501(e)(1)(A)(ii) directs that anything that is "disclosed" in the return is not "omitted" from the return. It would seem to be a truism that if an amount is "disclosed" in the return, it is somehow "stated" in the return. To that effect, it seems only logical that one must read the partnership return in order to discover whether or not an item of a partner's gross income has been "disclosed," i. e., not "omitted." If one could not look at the partnership return for that purpose, a partner's actual gross income (his distributive share of the partnership's gross income) would always be "omitted" from his return since that figure appears only on the partnership return. Such a result could not have been intended by Congress. Congress could not have intended that the statute of limitations be extended against a taxpayer when that taxpayer has properly

reported all of his items of gross income. Yet that would be the technical result if the partnership return were to be isolated from examination in determining what gross income was "disclosed" in the partner's return for the purposes of § 6501(e)(1)(A)(ii).[9] We fail to see why something which must be considered to have been "disclosed" and therefore not "omitted" from the return for purposes of § 6501(e)(1)(A)(ii), should not also be considered "stated" in the return for the purposes of both that section and, through § 6013(e)(2)(B)'s reference, the "innocent spouse" provision.

As mentioned at the outset, since the enactment of the 1954 Code, the tax court has consistently rejected the specific construction urged by the appellants in this case. Compare *L. Glenn Switzer*, 20 T.C. 759, 766–68 (1953) (accepting such an argument under the 1939 Code), with *Jack Rose, supra*, 24 T.C. at 768–70 (apparently, again under the 1939 Code, rejecting the argument in dictum and noting that the Court of Appeals for the Ninth Circuit had vacated *Switzer* upon the stipulation of the parties); *Elliott J. Roschuni, supra*, 44 T.C. 80 (involving the return of a duly qualified Subchapter S corporation under the 1954 Code); *Genevieve B. Walker*, 46 T.C. 630, 637–38 (1966); *Nadine I. Davenport*, 48 T.C. 921, 928 (1967). In each case after *Switzer*, the tax court has recognized that one must look to the partnership return to determine the amount of a partner's gross income not only "omitted" from his return but also "stated" in his return. We see no reason to overrule this reasoned line of cases indirectly by holding that what is "stated" in the

diminution by the cost of such sales or services; and

(ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted *from gross income stated in the return* if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such item."

**9.** To be even more technical, of course, since the net income amount actually entered on the personal return is part of the partner's statuto-

ry gross income, only the difference between his share of the partnership's gross income and the net amount actually entered on the personal return would be "omitted." We would expect, however, that such difference, as in the instant case, would far exceed twenty-five percent of the net figure actually entered on the personal return in most cases. We further note that we share the tax court's opinion that the example in Treas.Reg. § 1.702–1(c) appears to conflict with § 6501(e)(1)(A)(ii)'s method for determining the amount "omitted" from gross income when a partnership return has been filed.

return for "innocent spouse" purposes, is only the figure actually entered on the Form 1040.

Finally the tax court, in supporting the conclusion that the partnership return must be read together with the personal return and in computing the amount of the partnership's gross income, relied upon the definition of gross income from a trade or business as "gross receipts," which definition is contained in subparagraph (i) of § 6501(e)(1)(A).[10] The appellants have challenged the applicability of that particular subparagraph by arguing, inter alia, that since the innocent spouse section, § 6013(e)(2)(B), refers to the statute of limitations section, § 6501(e)(1)(A), only for the purpose of determining what is "omitted" from gross income, the reference is limited to subparagraph (ii) of § 6501(e)(1)(A). They argue that subparagraph (i) is irrelevant in determining what is "omitted." Although appellants' argument is persuasive, we feel no need to entertain it here. Since, as we have shown above, it is not necessary to rely upon subparagraph (i) in order to conclude that the partnership return must be read as an adjunct to a partner's personal return, and since appellants have not demonstrated any independent prejudice resulting from the use of the "gross receipts" definition,[11] we shall leave the resolution of this difficult question to some future case where its resolution will affect the outcome.

Accordingly, the order of the tax court denying the benefits of "innocent spouse" status to appellant Bebe Klein is affirmed.

10. See *supra*, n. 8.

11. The appellants cannot be heard to complain that the tax court's use of § 6501(e)(1)(A)(i)'s "gross receipts" definition of gross income in this case resulted in any prejudice to Bebe Klein's attempt to fit within the innocent spouse provisions. Section 6501(e)(1)(A)(i) defines gross income from a trade or business to include gross receipts from sales prior to diminution by the cost of the goods sold. In the instant case, even if we were to accept appellants' argument, which never alleges any particular prejudice, and subtract the cost of the goods sold as reported by Miss Smart Frocks, see Treas.Reg. § 1.61–3, its gross income on the return would have been $585,-422.19, which added to C & S Dress Co.'s

"contracting" income of $141,547.40, results in a total partnership gross income of $726,-969.59. Herman Klein's thirty percent distributive share of that partnership gross income is then $218,090.88, and twenty-five percent of that gross income stated in the return is $54,-522.72. Since the parties stipulated that only $45,733.25, which is obviously less than $54,-522.72, was "omitted" from gross income stated in the return, appellants have simply not demonstrated that Bebe Klein has been harmed by the tax court's use of the "gross receipts" definition of gross income contained in § 6501(e)(1)(A)(i). She would have failed to meet the twenty-five percent requirement even if that definition had not been used.