ILLINOIS MASONIC HOME, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9010-87.        Filed August 2, 1989.

*Edward F. Sutkowski* and *David L. Higgs,* for the petitioners.
*David R. Reid,* for the respondent.

GOFFE, *Judge:* The Commissioner determined that petitioners are liable as transferees as follows for a deficiency in estate tax of the estate of Clara M. Evans:

---

[1]The following petitioners were also included in the petition: Jeffrey T. Bryant; Steven T. Bryant; Jeanine Gill (Koch) Shryock; David T. Bryant; Matthew T. Bryant; LaVeta Gill; Janet Gill Newell; Harold Tuttle; Pauline Tuttle; Donna Kennedy; Dianna Lynn Kennedy Schmitt; Kathryn Sue Gaskins; Mark Edward Kennedy; Julia Gill Koch; Clifford S. Gill; and Timothy C. Gill.

| Petitioner | Liability |
|---|---|
| Illinois Masonic Home | $131,398 |
| Jeffrey T. Bryant | 43,668 |
| Steven T. Bryant | 43,668 |
| Jeanine Gill (Koch) Shryock | 15,439 |
| David T. Bryant | 131,006 |
| Matthew T. Bryant | 43,668 |
| LaVeta Gill | 131,398 |
| Janet Gill Newell | 15,439 |
| Harold Tuttle | 131,398 |
| Pauline Tuttle | 131,398 |
| Donna Kennedy | 131,398 |
| Dianna Lynn Kennedy Schmitt | 22,464 |
| Kathryn Sue Gaskins | 22,464 |
| Mark Edward Kennedy | 22,464 |
| Julia Gill Koch | 15,439 |
| Clifford S. Gill | 131,398 |
| Timothy C. Gill | 15,439 |

The issues for our decision are: (1) Whether petitioners are liable for an estate tax deficiency as a matter of law as transferees of the assets of the estate of Clara M. Evans; (2) whether respondent is equitably estopped from determining transferee liability against petitioners as beneficiaries of the estate of Clara M. Evans; (3) whether the amount of the charitable deduction claimed by the estate of Clara M. Evans with respect to the real property devised to Illinois Masonic Home should be reduced to reflect payments made by Illinois Masonic Home to such estate; (4) whether the value of the Gill farm consisting of 318.85 acres in Marshall County, Illinois, was $650,420 on October 19, 1982; and (5) whether interest incurred and paid by the estate of Clara M. Evans in connection with the deferred payment of Federal estate tax is a deductible administration expense.

### FINDINGS OF FACT

Some of the facts of this case have been stipulated and are so found. The stipulations of facts and accompanying exhibits are incorporated by this reference. The findings of fact contain only the findings necessary to resolve issue number one which completely disposes of the case.

Petitioner Illinois Masonic Home is a corporation with its principal office in Illinois at the time of the filing of the

petition in this case. Petitioners Jeffrey T. Bryant, Steven T. Bryant, David T. Bryant, and Matthew T. Bryant were residents of Indiana at the time they filed the petition. Petitioners Jeanine Gill (Koch) Shryock, LaVeta Gill, Janet Gill Newell, Harold Tuttle, Pauline Tuttle, Donna Kennedy, Dianna Lynn Kennedy Schmitt, Kathryn Sue Gaskins, Mark Edward Kennedy, Julia Gill Koch, Clifford S. Gill, and Timothy C. Gill resided in Illinois at the time they filed the petition in this case.

Clara M. Evans (the decedent) died testate on April 19, 1982, while a domiciliary of the State of Illinois. The estate of Clara M. Evans (the estate) is being administered in the State of Illinois by the First National Bank of Peoria (the executor). Petitioners are the beneficiaries under the will of the decedent.

On January 19, 1983, the estate filed Form 706, U.S. Estate Tax Return reflecting a Federal estate tax liability of $776,115.63. Respondent conducted an audit of the estate tax return after which the estate and respondent agreed to an additional Federal estate tax liability of $101,391.82. The estate executed a consent to assessment of this additional tax which was received by respondent on March 1, 1985. The examination report and transmittal letter dated May 13, 1985, mailed to the executor by respondent, covered the additional tax agreed to and included a reduction of the charitable contribution of Illinois Masonic Home for real estate taxes paid on real property devised to it.

On May 13, 1985, an Estate Tax Closing Letter, Form 627 (DO), was mailed to the estate by respondent indicating a final total Federal estate tax liability of the estate of $877,507.45. The period of limitations on assessment of estate tax in addition to this amount expired on January 19, 1986. When the period of limitations expired, there was no outstanding consent to extend the period of limitations on assessment nor had the Commissioner notified the executor of any proposed additional liability for estate tax.

Federal estate tax payments were made by the executor on behalf of the estate as follows:

| Date | Amount paid | Description |
| --- | --- | --- |
| 01/21/83 | $181,398.13 | Payment made with estate tax return |
| 02/07/84 | 69,864.23 | Payment of interest |

| Date | Amount paid | Description |
|------|-------------|-------------|
| 01/18/85 | 52,626.86 | Payment of interest |
| 05/15/85 | 111,303.94 | Payment of tax in the amount of $101,391.82 and $9,912.12 of interest |
| 01/17/86 | 110,179.32 | Payment of tax in the amount of $59,471.76 and $50,707.56 of interest |
| 04/02/86 | 542,956.23 | Payment of tax in the amount of $535,245.74 and $7,710.49 of interest |

In order to permit the distribution of assets, petitioners agreed to cause the estate to accelerate payment of the remaining death taxes which it previously elected to pay in installments and to allow the estate to use the residue of the estate and income from the devised real property to be applied toward these liabilities.

On April 3, 1986, the executor distributed assets of the estate pursuant to the will of the decedent to petitioners herein. On December 17, 1986, respondent executed a Reopening Memorandum, Form 4505, for the estate of Clara M. Evans.

On January 16, 1987, the Commissioner issued statutory notices of liability to petitioners herein. Issue number three described above represents the adjustment to the estate tax liability which the Commissioner determined in the statutory notices of liability. Other issues were raised in the petition. Each of the statutory notices of liability determined that petitioners herein are liable as transferees to the extent of the value of the assets received from the estate of Clara M. Evans for additional Federal estate tax of $131,398 derived therefrom.

OPINION

The parties presented several issues to the Court to be resolved. We find it unnecessary to find the facts necessary to decide all of the issues or to consider all of the issues presented because our resolution of one issue disposes of the case in its entirety. In addition, because of our disposition of this case, we need not address the objections that the parties have raised with respect to the original stipulation of facts.

The facts in this case which respondent has determined to give rise to transferee liability are somewhat unique. The

period of limitations on assessment of additional estate tax against the estate expired on January 19, 1986. The executor distributed the assets to petitioners on April 3, 1986. This distribution of assets represents the transfers which the Commissioner has determined as giving rise to transferee liability. It is important to point out that the period of limitations on assessment of additional estate tax against the transferor expired *before* the transfers were made to the transferees. This being so, petitioners rely upon our holding in *Diamond Gardner Corp. v. Commissioner,* 38 T.C. 875 (1962).

The controlling facts in *Diamond Gardner* are indistinguishable from those in the instant case. Diamond Gardner, pursuant to a plan of reorganization, purchased all of the assets and assumed all of the liabilities of General Package Corp. General Package understated its income tax liability for 1951 in excess of $100,000. The period of limitations on assessment of additional tax against General Package for the taxable year 1951 expired on March 17, 1955. Diamond Gardner acquired the assets of General Package on May 31, 1955, after the expiration of the said period of limitations. The Commissioner, in a notice of liability to Diamond Gardner, determined that Diamond Gardner was liable as transferee of the assets of General Package for the unpaid income tax liability of General Package for the taxable year 1951.

We held that Diamond Gardner could not be held liable as transferee because at the time it acquired the assets and assumed the liabilities of General Package the liability of General Package for 1951 income tax was previously extinguished by the expiration of the period of limitations on assessment of additional income tax against General Package. *Diamond Gardner Corp. v. Commissioner, supra* at 881.

It should first be pointed out that neither the facts in the instant case nor the facts in *Diamond Gardner* give rise to questions of the period of limitations on assessment for purposes of mailing notices of deficiency to the transferor or notices of liability to the transferees. There is no question as to the timeliness of the notices of liability. Resolution of the dispute likewise does not turn upon whether the

Commissioner should have mailed a notice of deficiency to the estate. The question is much more narrow. Stated most succinctly, the issue is whether petitioners can be held liable as transferees when the transfers in question occurred *after* the Commissioner was barred by the statute of limitations from proceeding against the transferor. In *Diamond Gardner*, we held that such a transferee could not be held liable. We pointed out that the expiration of the period of limitations on assessment of additional tax against the transferor did not merely bar the remedy of collecting the additional tax from the transferee but also extinguished the liability of the transferor as well. Our holding was based upon an analysis of the predecessor of section 6401(a)[2] which provision was not changed when reenacted. We relied upon the legislative history of the predecessor of section 6401(a). In effect, section 6401(a) provides that any payment of tax, whether voluntary or involuntary, made after the expiration of the period of limitations on assessment automatically becomes an overpayment of tax and, hence, subject to a mandatory refund.

The Commissioner acquiesced in our decision in *Diamond Gardner* at 1963-1 C.B. 4. Petitioners devote an entire section of their opening brief to the applicability of *Diamond Gardner*. Respondent, in his reply brief, did not respond to this portion of petitioners' brief. He did not cite *Diamond Gardner;* he did not attempt to distinguish it from the instant case; nor did he argue that *Diamond Gardner* should be overruled.

We continue to follow the sound and narrow holding of *Diamond Gardner*. We recognize that the question of whether the transferee is liable at law or equity for the tax of the transferor is governed by State law. *Commissioner v. Stern*, 357 U.S. 39 (1958). Nevertheless, questions as to the liability of the transferor are determined under the Federal statutes. *Dillman v. Commissioner*, 64 T.C. 797 (1975). Section 6901 does not create a separate liability for the transferee. Instead, it merely provides for a secondary method of enforcing the liability of the transferor. *Mysse v.*

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect as of the date of the decedent's death and as of the date of the transfers to petitioners herein.

*Commissioner,* 57 T.C. 680 (1972). The transferee cannot be held liable for the transferor's tax if the expiration of the period of limitations has extinguished the transferor's liability before the assets are transferred. We emphasize that this rationale does not apply to situations where the assets were transferred *before* the period of limitations expired against the transferor, e.g., *Berliant v. Commissioner,* 729 F.2d 496 (7th Cir. 1984), affg. *Magill v. Commissioner,* T.C. Memo. 1982-148; *Dillman v. Commissioner, supra; Schwager v. Commissioner,* 64 T.C. 781 (1975); *Alexander v. Commissioner,* 61 T.C. 278 (1973). We also emphasize again that our holding has nothing to do with the period of limitations on assessment for mailing a notice of deficiency to the transferor or a notice of liability to the transferee.

*Decision will be entered for the petitioners.*