**LEILA G. NEWHALL UNITRUST,
Wells Fargo Bank, Trustee,
Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE SERVICE,
Respondent–Appellee.**

No. 95–70501.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 19, 1996.

Decided Jan. 21, 1997.

J. Scott Cummings, Joe C. Luker and John W. Ambrecht, John W. Ambrecht & Associates, Santa Barbara, California, for petitioner-appellant.

Robert W. Metzler and Gary R. Allen, Tax Division, United States Department of Justice, Washington, D.C., for respondent-appellee.

Before KOZINSKI and LEAVY, Circuit Judges, and WILLIAM W SCHWARZER,* Senior District Judge.

WILLIAM W SCHWARZER, Senior District Judge:

We are called upon to decide whether a charitable remainder unitrust within 26 U.S.C. § 664(d)(2) that receives unrelated business taxable income from publicly traded limited partnerships is subject to tax on its entire income, including income otherwise exempt from tax.

* Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

## FACTUAL BACKGROUND

The Leila G. Newhall Unitrust ("the Unitrust") was created in 1975 by a testamentary bequest from Leila G. Newhall. It is a charitable remainder unitrust, i.e., a trust which pays out a defined percentage of its net worth annually, leaving whatever remains at the end of the term (a specified number of years or the life of the beneficiary) to charity. *See* 26 U.S.C. § 664(d)(2) (defining "charitable remainder unitrust"). Newhall endowed the Unitrust with shares of common stock of the Newhall Land and Farming Company ("Land and Farming"). In 1983, Land and Farming reorganized, distributing some of its assets to two publicly traded limited partnerships ("PTLPs"). Each Land and Farming shareholder, including the Unitrust, received depository receipts in each of the PTLPs in exchange for common stock in the corporation. In 1985, Land and Farming was liquidated, and its remaining assets were distributed to a third PTLP. Each shareholder received a depository receipt in that PTLP in redemption of its shares in Land and Farming. The Unitrust thus became a limited partner in all three PTLPs. It did not enlarge its holdings after the initial distributions, did not exercise control over any of the PTLPs, and, as the Tax Court found, did not intend to use its status as a charitable remainder trust to gain any competitive advantage for its investment.

During the years at issue, 1988 and 1989, the Unitrust received income from the PTLPs amounting to approximately twenty percent and fourteen percent, respectively, of its gross income. The Commissioner determined that this income was unrelated business taxable income ("UBTI") and that its receipt caused the Unitrust's entire net income to be taxable. The Commissioner's determination was based on 26 U.S.C. § 664(c), which provides that

a charitable remainder unitrust shall, for any taxable year, not be subject to any [income tax], unless such trust, for such year, has unrelated business taxable income (within the meaning of section 512 ... ),

and on the implementing Treasury Regulation, 26 C.F.R. 1.664–1(c), which provides that

[i]f the charitable remainder trust has any unrelated business taxable income ... for any taxable year, the trust is subject to all of the taxes imposed by ... the Code for such taxable year....

The Tax Court rejected the Unitrust's challenge and sustained the deficiency assessments. *Leila G. Newhall Unitrust v. Commissioner,* 104 T.C. 236, 1995 WL 89771 (1995).

■ On this appeal, the Unitrust argues, first, that the income from the PTLPs should not be treated as UBTI, and, second, that even if it is UBTI, that the Unitrust's income should be taxed only to the extent of its UBTI. We have jurisdiction under 26 U.S.C. § 7482(a). Because the appeal presents only questions of law, our review is *de novo. First Charter Financial Corp. v. United States,* 669 F.2d 1342, 1345 (9th Cir.1982); *Zanuck v. Commissioner,* 149 F.2d 714, 718 (9th Cir.1945). We affirm the decision of the Tax Court.

## I. WHETHER THE UNITRUST'S INCOME FROM THE PTLPs WAS UBTI

Under 26 U.S.C. § 512(c), partnership income received by a member of the partnership from a trade or business unrelated to the member's is UBTI.[1] The Tax Court held:

Stated simply, section 512(c) prevents a taxpayer from avoiding the UBTI rules by becoming a member of a partnership that carries on what would otherwise be an unrelated trade or business. If the trade or business of the partnership would be an unrelated trade or business of its member organization, then the organization, in computing UBTI, must include its distributive

---

1. Section 512(c)(2), added by a 1987 amendment, refines the definition of UBTI, but does not apply here because it is limited to partnership interests acquired after December 17, 1987.

Omnibus Budget Reconciliation Act of 1987, Pub.L. No. 100–203, § 10213(b), 1987 U.S.C.C.A.N. (101 Stat.) 1330, 1330–407.

share of the partnership's income and deductions from that business.

*Leila G. Newhall Unitrust,* 104 T.C. at 241.

The Unitrust makes three arguments to escape the impact of 512(c): (1) that PTLPs are not partnerships under 512(c), (2) that the Unitrust is not a member of a partnership, and (3) that, in any case, its income from PTLPs should not be treated as UBTI.

■ The Unitrust concedes that PTLPs fall "within the letter of" 26 U.S.C. § 7701(a)(2), which defines partnerships. In spite of this concession, the Unitrust maintains that because PTLPs are passive investments that do not lend themselves to misuse of tax exempt status to gain a competitive advantage, PTLPs should not be treated as partnerships for purposes of § 512(c), but instead they should be treated as corporations. The Unitrust has failed to demonstrate that the PTLPs have the minimum three of four attributes of corporations: the PTLPs here lack continuity of life and limited liability. *See MCA, Inc. v. United States,* 685 F.2d 1099, 1101 (9th Cir.1982); 26 U.S.C. § 7701(a)(2); Treas. Reg. §§ 301.7701–2, 301.7701–3(b). The Unitrust also relies on 26 U.S.C. § 7704, which provides that certain PTLPs shall be treated as corporations. But as the Tax Court correctly held, the PTLPs at issue here are specifically excluded from the operation of this section for the taxable years, because all three were publicly traded on December 17, 1987. *See* Pub.L. No. 100–203, § 10211(c)(2)(A)(i), 1987 U.S.C.C.A.N. (101 Stat.) at 1330–405. The Unitrust's argument that the date on which § 7704 will apply to these PTLPs should be accelerated in order to effectuate congressional intent ignores the unambiguous language with which Congress withheld such earlier application of § 7704.

■ Relying on *Service Bolt & Nut Co. v. Commissioner,* 78 T.C. 812, 818, 1982 WL 11094 (1982), *aff'd,* 724 F.2d 519, 524 (6th Cir.1983), the Tax Court correctly rejected the Unitrust's second argument: there is no support for the contention that the term "member" is limited to only those tax exempt entities that could give the partnership an actual competitive advantage.

■ Finally, the Unitrust contends that its UBTI should be excluded because its investment is merely passive. This argument, which is premised on treating PTLPs as corporations, is misconceived because PTLPs, unlike corporations, are not taxed on their income. Partnership distributions, therefore, are fundamentally different from dividends. Moreover, had Congress intended to exclude income from limited partnerships as "passive" income, it could readily have added it to the enumeration in § 512(b)(1) (excluding dividends and interest from UBTI). To treat the Unitrust's income from PTLPs as though it were excluded under § 512(b)(1) would turn the statute on its head.

We conclude that the Commissioner and the Tax Court correctly found that the distributions to the Unitrust from the three PTLPs were UBTI.

## II. WHETHER RECEIPT OF ANY UNRELATED BUSINESS TAXABLE INCOME SUBJECTS THE UNITRUST TO TAX ON ALL OF ITS INCOME

■ Section 664(c) affords the trust an exemption from tax on its income "unless ... for such year, [it] has [UBTI]." The Unitrust contends that the statute is ambiguous and does not authorize taxing income other than UBTI, and that Treasury Regulation section 1.664–1, which subjects the entire income of a charitable remainder trust to tax for any year in which it receives "any UBTI," is therefore contrary to the statute as well as arbitrary and capricious.

The Tax Court held:

The plain language of section 664(c) states that a charitable trust will be exempt from tax "unless such trust, for such year, has unrelated business taxable income". Petitioner would have us add the phrase "then the trust will be taxable only on that unrelated business taxable income" to the above quoted phrase. We decline to do so. The word "unless" clearly conditions the previously granted exemption. No persuasive evidence has been called to our attention to show that Congress meant to con-

tinue to provide a limited exemption if the taxpayer failed to meet the terms of the complete exemption.

*Leila G. Newhall Unitrust,* 104 T.C. at 246.

We agree with the Tax Court and find no ambiguity in the statute. There is nothing in the statutory language to support the Unitrust's position that it should be taxed only to the extent it has UBTI, as other charitable organizations are.[2] *Compare* 26 U.S.C. § 664(c) *with* 26 U.S.C. § 511 (imposing tax on UBTI of charitable organizations). Since there is no basis for exempting the Unitrust, tax was properly imposed on its entire income during the years in which it had UBTI. *See* Treas. Reg. 1.664–1(c).

■ At oral argument, counsel for the Unitrust for the first time asserted that charitable remainder unitrusts could not be taxed under the provisions generally applicable to trusts because the introductory clause of § 664 states:

> Notwithstanding any other provision of this subchapter, the provisions of this section shall, in accordance with regulations prescribed by the Secretary, apply in the case of a . . . charitable remainder unitrust.

26 U.S.C. § 664(a). The Unitrust argues that "notwithstanding" here means that § 664 is the only provision applicable to charitable remainder unitrusts, and that such trusts therefore are never subject to the other provisions of subchapter J—including 26 U.S.C. § 641(a), which imposes tax on the income of "any kind of property held in trust . . . ." This seems a far-fetched construction. More likely, "notwithstanding" in context is intended to make clear that where

the provisions of § 664 come into conflict with the general rules applicable to taxation of trusts (subchapter J), the specific provisions of § 664 will be applied. *Cf. Conoco, Inc. v. Skinner,* 970 F.2d 1206, 1224 (3rd Cir.1992) (discussing broad and narrow interpretations of the word "notwithstanding"). We need not decide this question, however, for even if the Unitrust were correct that the "notwithstanding" clause exempts it from § 641(a), it would remain subject to the general imposition of tax in § 1(e). 26 U.S.C. § 1(e) ("There is hereby imposed on the taxable income of . . . every trust . . . a tax determined in accordance with the following table: . . . ."). Because the statute is unambiguous, we need not resort to the legislative history. *See Estate of Poletti v. Commissioner,* 34 F.3d 742, 745 (9th Cir.1994).[3]

But even if § 664 were ambiguous, Congress has delegated to the Treasury specific authority to prescribe regulations governing the section's application to charitable remainder unitrusts. *See* 26 U.S.C. § 664(a). Treasury regulations are entitled to deference from the courts and must be upheld if they "implement the congressional mandate in some reasonable manner." *National Muffler Dealers Ass'n v. United States,* 440 U.S. 472, 476–77, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1979) (quoting *United States v. Cartwright,* 411 U.S. 546, 550, 93 S.Ct. 1713, 1716, 36 L.Ed.2d 528 (1973), in turn quoting *United States v. Correll,* 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967)). And Treasury Regulation § 1.664–1(c) unambiguously subjects the trust's entire income to tax if any UBTI is received.

The Unitrust contends that the regulation operates as a penalty with a draconian im-

**2.** The Unitrust claims that the parenthetical reference in § 664(c) to § 512, which defines UBTI, is an oblique suggestion that where a charitable remainder unitrust has UBTI, it should be taxed only to the extent of UBTI, like organizations subject to § 511. It is clear, however, that the parenthetical is intended to define UBTI, rather than to propose an alternative taxation scheme for those charitable remainder unitrusts that are not exempt under § 664(c).

**3.** We note, however, that the Senate Finance Committee report explaining the amendment that became § 664(c), though not wholly unambiguous, supports the Tax Court's interpretation. It stated:

Under the House bill, a charitable remainder trust which qualified as an annuity trust or a unitrust would be exempt from income taxation. The committee amendments modify this provision so as to deny the exemption from tax for any year in which the trust has income which would be unrelated business taxable income. . . . The committee does not believe that it is appropriate to allow unrelated business income tax to be avoided by the use of a charitable remainder trust rather than a tax-exempt organization.

S. Rep. No. 91–552, 91st Cong., 1st Sess. U.S.Code Cong. & Admin.News 1969 p. 2027, *reprinted in* 1969–3 C.B. 423, 481–82.

pact, pointing out that over the years of its application, the Unitrust's income tax liability has amounted to approximately three times its UBTI. A commentator, who is also counsel for appellant, has noted that the regulation produces anomalous effects at odds with the rationale of other provisions of the code. *See* Leo L. Schmolka, *Income Taxation of Charitable Remainder Trusts and Decedents' Estates: Sixty–Six Years of Astigmatism*, 40 Tax L.Rev. 5, 63 n. 155 (1984). Whatever the merit of these observations, we cannot say that the statute is "so bizarre that Congress could not have intended it." *See Demarest v. Manspeaker*, 498 U.S. 184, 191, 111 S.Ct. 599, 604, 112 L.Ed.2d 608 (1991) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). In differentiating between charitable remainder unitrusts and charitable organizations, Congress might have had in mind that, unlike the income of the latter, much of the income of the former may end up in the hands of private beneficiaries. *See* 26 U.S.C. § 664(d)(2)(A). In any event, if the statute has unintended consequences, it is for Congress, not the courts, to take appropriate measures to avert them.

AFFIRMED.