119 T.C. No. 7


UNITED STATES TAX COURT


PETER M. AND SUSAN L. HOFFMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16028-99L.          Filed September 24, 2002.


On Sept. 10, 1991, Ps timely filed a joint 1990
Federal income tax return on which they reported that
they:  (1) Held a general partner interest in one
partnership and limited partner interests in five
partnerships and (2) did not under sec. 469, I.R.C.,
materially participate in any of the partnerships.
On Sept. 8, 1997, Ps filed an amended return for 1990
reporting additional income and remitting the tax due
on that additional income.  On Nov. 6, 1997, R assessed
the additional tax liability reported on the amended
return and assessed other amounts for a penalty and
interest on that additional tax liability.

Subsequently, R issued to Ps a notice of intent to
levy, and Ps requested and received a hearing under
sec. 6330, I.R.C.  At the hearing, Ps contended that
the additional tax liability reported in 1997, the
penalty, and the interest were all assessed after the
expiration of the period of limitations and that they
were entitled to a refund of the amount paid with the

amended return.  R rejected those arguments in a notice
of determination issued to Ps sustaining the proposed
levy.  R determined that the applicable period of
limitations is the 6-year period under sec.
6501(e)(1)(A), I.R.C., and that the assessment was
timely because the amended return was filed 2 days
before the expiration of the 6-year period.  R argues
that the 6-year period applies because, R asserts, the
reference to "gross income stated in the return" in
sec. 6501(e)(1)(A), I.R.C., does not include any of the
income of the partnerships given that Ps neither
actively nor materially participated in the trade or
business of any of those partnerships.

Held:  The 6-year period of limitations in sec.
6501(e)(1)(A), I.R.C., is inapplicable, and the
assessment made on Nov. 6, 1997, was untimely.  Ps'
"gross income stated in the return" is determined by
reference to the information returns of the
partnerships.

Steven Toscher, Stuart A. Simon, and Bruce I. Hochman, for

petitioners.

Daniel M. Whitley and Irene S. Carroll, for respondent.

OPINION

LARO, Judge:  Petitioners petitioned the Court under section

6330(d), and the parties submitted the case to the Court fully

stipulated.  See Rule 122.  We decide herein whether respondent

assessed certain amounts against petitioners within the period

allowed by section 6501.  We hold respondent did not.  Unless

otherwise indicated, section references are to applicable

versions of the Internal Revenue Code.  Rule references are to

the Tax Court Rules of Practice and Procedure. Petitioners resided in Los Angeles, California, when the petition was filed.

Peter M. Hoffman and Susan L. Hoffman (Mr. Hoffman and Ms. Hoffman, respectively) filed a joint Federal income tax return for 1990. Before filing that return, they requested from respondent two extensions of time to file, both of which were granted. Their 1990 Federal income tax return (the original return) was received by respondent on September 10, 1991.

The original return reported that either Mr. or Ms. Hoffman was a partner in the following partnerships: (1) Twelve Star Partners, Ltd., (2) Thirteen Star Partners Limited, (3) Cabrillo Palms Associates, (4) Desert Investments, (5) Joliet Television Stations, L.P., and (6) Orbis Television Stations, L.P. The original return reported that either Mr. or Ms. Hoffman held a limited partner interest in the partnerships, except for Desert Investments, in which the original return reported that one of petitioners was a general partner. The original return reported that neither petitioner "materially participated" in the activities of any of these partnerships within the meaning of section 469. The original return reported that petitioners also were shareholders in an S corporation, Cinema Products Corp. (Cinema), and that they did not "materially participate" in the activity of Cinema.

Respondent no longer has copies of any of the six partnerships' Federal tax returns for 1990, and the Schedules K-1, Partner's Share of Income, Credits, Deductions, etc., are not in the record. Respondent has a copy of Cinema's 1990 Form 1120S, U.S. Income Tax Return for an S Corporation.

The original return reported gross income from wages, interest, a State tax refund, miscellaneous income, and rental income totaling $3,019,317. The original return also reported long-term capital gain of $5,304 from the partnerships and section 1231 gain of $76,070 from the S corporation. The record does not indicate the gross income of the six partnerships.

On September 8, 1997, petitioners filed an amended 1990 Federal income tax return (the amended return) that was prepared by their accountant.[1] The amended return shows an additional tax liability of $218,152, without statutory additions, which was based upon $779,114 of gross income that was omitted from the original return.[2] The amount omitted from the original return relates to cancellation of indebtedness income that petitioners did not report.

---

[1] Respondent asserted in the answer that the amended return was filed pursuant to a plea agreement that settled a criminal case brought against Mr. Hoffman. See United States v. Hoffman, No. CR 96-1144(A)-JGD (C.D. Cal.) (the criminal case). Respondent later conceded that the amended return was not filed as a condition to the plea agreement.

[2] Respondent never issued a notice of deficiency to petitioners for 1990.

At or about the time that petitioners filed the amended return, they remitted payment for the $218,152. Respondent assessed the additional tax shown on petitioners' amended return on November 6, 1997, which is 59 days after the amended return was filed.

On May 6, 1999, respondent issued to petitioners a Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy). The notice of intent to levy is not contained in the record. The Court understands that respondent proposes to effect the levy to collect interest and penalties related to the amount of additional tax liability reported in the amended return. The record does not disclose the type of penalties respondent assessed.

On May 10, 1999, petitioners timely requested a hearing under section 6330. In their request, petitioners stated that

> we are disputing any balance due and are requesting a refund of $218,152 paid in error.
>
> Mr. and Mrs. Hoffman filed a form 1040X in 1997 for the year 1990. They paid $218,152 of additional tax with this form. The IRS is attempting to collect accumulated interest and penalty on said amended return. [sic]
>
> The 1990 amended return was filed subsequent to the expiration of the statute of limitations and was therefore invalid. Assessment of penalties and interest is incorrect. The taxpayers are now aware of their error and intend to file a Claim for refund of the $218,152 paid utilizing the format enclosed.

The request for a hearing was accompanied by a written request for a refund, using Form 1040X, Amended U.S. Individual Income Tax Return, for the additional $218,152 paid with the amended return. The request for refund stated that

> Taxpayer filed form 1040X and paid $218,152 of additional taxes for 1990 in September 1997. This was subsequent to [the] tolling of statute of limitations and as such was not valid. This form is being completed as a claim for refund. It is being filed within the 2 year period of remittance of the erroneous tax payment (IRC 6511(b)(2)(B)).

A Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was sent to petitioners on September 8, 1999. The Appeals officer determined that petitioners

> raised the issue of the timely filing of your court ordered amended return in your 2nd amended return which sought refund of the tax paid with the court ordered amended return. The statute of limitations had been extended by three years to a six year statute due to an amount of unreported income which was in excess of 25% of your AGI. Your court ordered amended return was filed on September 8, 1997, exactly two days prior to the six year statute of September 10, 1997. You have no basis for the refund of tax paid with your court ordered amended return, and accordingly, no basis for relief from the interest charged on such deficiency.
>
> You requested a Collection Due Process hearing. Your representative appeared at the hearing and indicated that you felt that the proposed levies were intrusive because you had filed your court ordered amended return after the statute of limitations had expired. If the statute of limitations had expired it would mean that the payment you made when the amended return was filed was a voluntary payment and there was no basis for charging interest on the voluntary payments. Additionally, you sought refund of tax paid with such court ordered amended return in the amount of $218,152.

It is determined that you have no basis for refund of $218,152, nor is there basis for relief from the statutory interest being sought by the government. You have offered no other alternative means of disposing of your liability, accordingly standard collection means will be pursued.

In making this determination, the Appeals officer did not review the 1990 tax returns for the six partnerships in which petitioners were partners.

In this proceeding, petitioners' sole allegation is that the Appeals officer erroneously determined that the assessment of the penalty and interest was proper. Petitioners allege that the assessments were made after the expiration of the period of limitations provided in section 6501. We agree that the assessment was untimely.

Any amounts assessed, paid, or collected after the expiration of the period of limitations are overpayments. Sec. 6401(a); Estate of Michael v. United States, 173 F.3d 503 (4th Cir. 1999); Alexander v. United States, 44 F.3d 328 (5th Cir. 1995); Ewing v. United States, 914 F.2d 499 (4th Cir. 1990); Philadelphia & Reading Corp. v. United States, 944 F.2d 1063 (3d Cir. 1991). Accordingly, if the period of limitations expired before either formal assessment by respondent or payment by petitioners, then petitioners are not liable for any tax on the cancellation of indebtedness income. Ill. Masonic Home v. Commissioner, 93 T.C. 145 (1989); Diamond Gardner Corp. v. Commissioner, 38 T.C. 875, 881 (1962) ("any payment by a taxpayer

of a barred tax liability, whether voluntary or involuntary, automatically becomes an 'overpayment' and hence subject to mandatory refund [under section 6402(a)]"). If petitioners' liability for the tax attributable to the cancellation of indebtedness income was eliminated by the expiration of the period of limitations, petitioners cannot be liable for any interest or a penalty.

Respondent contends that the additions to tax were timely assessed pursuant to exceptions to the general 3-year period of limitations. Sec. 6501(c)(7), (e). Respondent has conceded that petitioners were not contractually obligated to file the amended return as part of the plea agreement that settled the criminal proceeding. Moreover, respondent has conceded that petitioners are not estopped from asserting the defense of period of limitations merely because they voluntarily filed an amended return and paid the additional tax liability.

A. Standard of Review

Where the validity of the underlying tax liability is properly at issue in an appeal brought under section 6330(d), the Court will review the taxpayer's liability under the de novo standard. Where the underlying liability is not at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). To determine which standard of review applies, the Court

must decide whether petitioners' underlying tax liability is at issue.  A taxpayer may challenge "the existence or amount of the underlying tax liability for any tax period if the * * * [taxpayer] did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).

At the hearing, petitioners questioned whether the assessment had been made within the limitations period.  Raising the issue of whether the limitations period has expired constitutes a challenge to the underlying tax liability.  Boyd v. Commissioner, 117 T.C. 127 (2001); see also MacElvain v. Commissioner, T.C. Memo. 2000-320.

Under section 6330(c)(2)(B), the underlying liability is properly at issue if the taxpayer did not receive any statutory notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.  Goza v. Commissioner, 114 T.C. 176, 181 (2000).  An opportunity to dispute a liability includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability.  Sego v. Commissioner, supra at 609-610.

In the instant case, respondent's assessment was the result of petitioners' voluntarily filed amended return.  No notice of deficiency was issued to petitioners, and petitioners have not otherwise had an opportunity to dispute the tax liability.

Accordingly, whether the assessment was made during the limitations period is reviewed de novo.

B. Period of Limitations

Section 6501(a) generally provides that a valid assessment of income tax liability may not be made more than 3 years after the later of the date the tax return was filed or the due date of the tax return.[3] This 3-year period as to petitioners' 1990 taxable year expired before respondent assessed the statutory additions at issue.[4] In order for respondent's assessment of the statutory additions to be timely, an exception to the general 3-year period of limitations must apply.

1. Burden of Proof

Petitioners contend that respondent assessed the relevant amounts for 1990 after the expiration of the 3-year period of limitations in section 6501(a). The bar of the period of limitations is an affirmative defense, and the party raising this

---

[3] Sec. 6501 provides in pertinent part as follows:

SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION.

(a) General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after expiration of such period. * * *

[4] The original return for 1990 was filed on Sept. 10, 1991, and the assessments of penalties and interest were made on Nov. 6, 1997.

defense must specifically plead it and prove it. Rules 39, 142(a); Mecom v. Commissioner, 101 T.C. 374, 382 (1993), affd. without published opinion 40 F.3d 385 (5th Cir. 1994). Because petitioners have pleaded the defense properly, we proceed to address their contention.

In questioning the validity of the assessment by asserting that it was made after the expiration of the 3-year period of limitations, petitioners initially must prove: (1) The filing date of their 1990 tax return and (2) that respondent assessed the relevant amounts after the expiration date of the 3-year period. Reis v. Commissioner, 142 F.2d 900 (6th Cir. 1944), affg. 1 T.C. 9, 12 (1942), as modified by a Memorandum Opinion of this Court dated June 4, 1943; Harlan v. Commissioner, 116 T.C. 31, 39 (2001) (and cases cited therein); see Mecom v. Commissioner, supra at 382. Respondent concedes that petitioners have proven both prongs. Thus, petitioners have established a prima facie case that the period of limitations precludes respondent from making the relevant assessment for 1990, and the burden of going forward shifts to respondent. See Mecom v. Commissioner, supra at 382. Respondent must introduce evidence that the assessment for 1990 is not barred by the period of limitations under section 6501(a). Id. If respondent makes such a showing, the burden of going forward with the evidence shifts back to petitioners. Id. at 383. Notwithstanding the shifting of the burden of going forward, the burden of ultimate persuasion

never shifts from the party who pleads the bar of the period of limitations. <u>Stern Bros. & Co. v. Burnet</u>, 51 F.2d 1042 (8th Cir. 1931), affg. 17 B.T.A. 848 (1929); <u>Mecom v. Commissioner</u>, <u>supra</u> at 383 n.16.

    2. <u>Six-Year Period of Limitations</u>

Respondent relies on the 6-year period of limitations under section 6501(e) as an exception to the general 3-year period. Section 6501(e) generally provides that a 6-year period of limitations is applicable when a taxpayer omits from gross income an amount includable therein which is greater than 25 percent of the amount of gross income stated in the return.[5] Once

---

[5] SEC. 6501(e) provides, in pertinent part, as follows:

    SEC. 6501(e). Substantial Omission of Items.--Except as otherwise provided in subsection (c)--

       (1) Income taxes.--In the case of any tax imposed by subtitle A--

          (A) General rule.--If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. For purposes of this subparagraph--

            (i) In the case of a

(continued...)

petitioners establish the prima facie case that the general
period of limitations has expired, respondent bears the burden of
going forward to establish that the amount petitioners omitted
exceeds 25 percent of the gross income reported in their return.
It is well established in this Court that for purposes of section
6501(e), a taxpayer-partner's return includes the information
returns of partnerships of which the taxpayer was a member and
that were identified on the taxpayer-partner's return.  Harlan v.
Commissioner, supra; Davenport v. Commissioner, 48 T.C. 921

---

[5](...continued)
> trade or business, the
> term "gross income" means
> the total of the amounts
> received or accrued from
> the sale of goods or
> services (if such amounts
> are required to be shown
> on the return) prior to
> diminution by the cost of
> such sales or services;
> and
>
> (ii) In determining
> the amount omitted from
> gross income, there shall
> not be taken into account
> any amount which is
> omitted from gross income
> stated in the return if
> such amount is disclosed
> in the return, or in a
> statement attached to the
> return, in a manner
> adequate to apprise the
> Secretary of the nature
> and amount of such item.

(1967). Accordingly, to satisfy the burden of going forward, respondent must provide evidence to show the amounts of gross income reported on the partnership and S corporation returns or to show that no such returns were filed. Davenport v. Commissioner, supra at 928; Roschuni v. Commissioner, 44 T.C. 80 (1965).

Respondent has provided none of the income tax returns for the six partnerships of which petitioners were partners. Moreover, respondent has not alleged, much less established, that any of the six partnerships failed to file returns for 1990. Instead, respondent alleges that his burden of going forward does not include production of the partnership returns. We disagree.

The 6-year period of limitations provided for in section 6501(e) is implicated if the taxpayer omitted from gross income an amount greater than 25 percent of the taxpayer's gross income as stated on the Federal income tax return. The amount petitioners omitted, the numerator in the calculation, is not in dispute in this case. The amount omitted is $779,114. The parties disagree, however, as to the amount of gross income stated in their return.

Gross income is not defined in section 6501. We have held, however, that the general definition of gross income found in the Code applies to section 6501(e), except for the modification provided in section 6501(e)(1)(A)(i). N. Ind. Pub. Serv. Co. &

Subs. v. Commissioner, 101 T.C. 294, 299 n.7 (1993). Section 6501(e)(1)(A)(i) provides a special definition of gross income in the context of a trade or business. That section provides that as applied to a trade or business, "gross income" includes the total of the amounts received or accrued from the sale of goods or services before diminution by the cost of those sales or services. Sec. 6501(e)(1)(A)(i). With regard to a taxpayer-partner, we have interpreted this provision as requiring that a taxpayer's gross income include her share of the partnership's gross receipts from the sale of goods or services. Harlan v. Commissioner, 116 T.C. 31 (2001); Estate of Klein v. Commissioner, 63 T.C. 585, 591 n.6 (1975), affd. 537 F.2d 701 (2d Cir. 1976). In essence, the taxpayer-partner's share of the partnership's gross receipts is used in determining total gross income of the taxpayer, the denominator in our calculation.

Here, respondent argues that petitioners' interests in the six partnerships do not implicate section 6501(e)(1)(A)(i). According to respondent, if the partner did not actively participate in the partnership, the partner is not engaged in a trade or business, and the "gross receipts" definition of section 6501(e)(1)(A)(i) is not implicated. Thus, respondent contends, the general meaning of gross income should apply, and only the taxpayer-partner's share of income from the partnership that was already included in the taxpayer-partner's return is included in

the calculation of gross income.  Such an approach would eliminate the need to review the partnership's tax returns, and respondent would have satisfied his burden.  We have not previously addressed whether section 6501(e)(1)(A) is applicable only to situations in which the taxpayer-partner did materially or actively participate in the partnership.  We hold that it is not so limited.

A general partner may be deemed to be conducting the trade or business activity of the partnership of which she is a member. Flood v. United States, 133 F.2d 173, 179 (1st Cir. 1943); Cokes v. Commissioner, 91 T.C. 222, 228 (1988); Drobny v. Commissioner, 86 T.C. 1326 (1986); Brannen v. Commissioner, 78 T.C. 471 (1982), affd. 722 F.2d 695 (11th Cir. 1984); Hagar v. Commissioner, 76 T.C. 759 (1981); Ward v. Commissioner, 20 T.C. 332 (1953), affd. 224 F.2d 547 (9th Cir. 1955); Cluet v. Commissioner, 8 T.C. 1178, 1180 (1947); see sec. 1.702-1(b), Income Tax Regs.  See generally Rev. Rul. 92-17, 1992-1 C.B. 142.  Moreover, the trade or business of the partnership may be imputed to a general partner, irrespective of the fact that the partner did not actively or materially participate in the partnership.  Bauschard v. Commissioner, 31 T.C. 910 (1959), affd. 279 F.2d 115 (6th Cir. 1960).  It is also possible for the trade or business activity of a limited partnership to be imputed to a limited partner. Newhall Unitrust v. Commissioner, 104 T.C. 236 (1995), affd.

105 F.3d 482 (9th Cir. 1997); <u>Butler v. Commissioner</u>, 36 T.C. 1097 (1961). Additionally, an individual taxpayer may be engaged in more than one trade or business. <u>Oliver v. Commissioner</u>, 138 F.2d 910 (4th Cir. 1943), affg. a Memorandum Opinion of this Court.

Respondent argues that we should not impute the trade or business of a partnership to a partner, limited or general, who does not actively or materially participate in a partnership. Essentially, respondent suggests, section 6501(e)(1)(A)(i) does not include those activities that qualify as "passive activities" under section 469(c). Respondent has provided no support for this argument, other than his view that a partner who does not materially participate in a partnership is simply an investor. We see no reason to so limit the application of section 6501(e)(1)(A)(i). That provision of the Code does not indicate that a partner must materially or actively participate in the trade or business. In fact, respondent has conceded that the partnerships are engaged in trade or business activities. We hold that section 6501(e)(1)(A)(i) does not require that a partner materially participate, as defined by section 469, in the trade or business activity.

The gross receipts definition of gross income provided in section 6501(e)(1)(A)(i) is implicated, and petitioners' gross income for purposes of that provision includes their share of the

partnerships' gross receipts.  Respondent has not shown whether Desert Investments or the other partnerships filed 1990 Federal income tax returns and, if so, the amount of gross receipts reported therein.  We conclude that respondent has failed to meet his burden of production with respect to establishing the amount of gross income stated on petitioners' 1990 Federal income tax return.  Respondent has failed to show that the 6-year period of limitations is applicable.  Therefore, the general 3-year period of limitations is applicable.  Sec. 6501(a).

Petitioners' return was filed on September 10, 1991, and the 3-year period of limitations ended on September 10, 1994.  Any amounts assessed, paid, or collected after that date are barred by expiration of the period of limitations.  Sec. 6401(a).  Thus, petitioners' liability for the tax on the cancellation of indebtedness income was eliminated when the period of limitations expired before either formal assessment by respondent or payment by petitioners.  Ill. Masonic Home v. Commissioner, 93 T.C. 145 (1989); Diamond Gardner Corp. v. Commissioner, 38 T.C. 875 (1962).  Petitioners have no liability for interest or a penalty relating to a tax liability that was eliminated by the expiration of the period of limitations.  Accordingly, respondent's proposal

to levy upon petitioners' property to collect those amounts is improper.

Decision will be entered

for petitioners.