Thornton, J., concurring: I agree with the majority opinion and write separately to address possible jurisdictional concerns. It has been suggested that in a partnership-level proceeding this Court lacks jurisdiction to consider a partner’s assertion that the period of limitations has expired for assessing against that partner tax attributable to partnership items. This is because, under this view, the issue does not represent a partnership item or affirmative defense. Subsection (d)(1) of section 6226, however, expressly confirms this Court’s jurisdiction to consider a partner’s assertion that “the period of limitations for assessing any tax attributable to partnership items has expired with respect to” the partner. In the light of this statutory provision, it matters little whether the issue might be characterized as a partnership item or an affirmative defense or something else. Some might construe subsection (d)(1) narrowly to grant this Court jurisdiction to determine which partners have an interest in the outcome of the proceedings and nothing more. That is not, however, what the statute provides. In any event, to decide whether the assessment of tax attributable to partnership items is time barred for purposes of determining which partners have an interest in the outcome of the proceeding is, necessarily, to decide that issue for all purposes. The context and history of subsection (d)(1) of section 6226 are instructive. Under the general rule of subsection (c) of section 6226, each person who is a partner in a partnership “shall be treated as a party’ to an action brought to review partnership adjustments and the Court “shall allow each such person to participate in the action.” Subsection (d)(1) modified this general rule by providing that subsection (c) shall not apply to a partner “after the day on which” the period has expired for assessing against the partner any tax attributable to the partnership. Before the addition in 1997 of the flush language of subsection (d)(1), there was potential circularity in the interaction of subsections (c) and (d)(1): until such time as the Court might decide that the limitations period had expired, the partner was allowed to participate in the proceeding pursuant to the general rule of subsection (c), but if the Court ultimately decided the limitations issue in the partner’s favor, then subsection (d)(1) would have seemingly nullified ab initio the partner’s participation in the proceeding. This situation gave rise to a question whether a partner had “standing” to assert that the statutory period of limitations had expired with respect to that partner. H. Rept. 105-148, at 594 (1997), 1997-4 C.B. (Vol. 1) 319, 916. To resolve this problem, in 1997 subsection (d)(1) was amended to provide that a partner “shall be permitted to participate” in the partnership proceeding “solely” for the purpose of asserting that the limitations period for assessing tax has expired with respect to that partner. Focusing on the word “solely”, some have suggested that the statute permits a partner to participate in the partnership proceeding by asserting the limitations bar only if that is the sole issue asserted by the partner. Nothing in the flush language of subsection (d)(1), however, alters or affects the operation of the general rule of subsection (c), which entitles a partner to participate fully in the action until such time as the Court might decide that the limitations period has expired with respect to the partner — an issue that might not be finally decided until the final appeal of such a ruling. Being uncertain of the prospects of ultimately prevailing on the limitations period issue, a partner would be well advised also to raise any alternative assertions which the partner would be entitled to raise as a participant in the action. In the light of these considerations, the word “solely” in the flush language of subsection (d)(1) cannot fairly be construed to mean that a partner is entitled to assert the limitations bar only if the partner relinquishes all alternative assertions. Rather, the statutory language confirms a partner’s ability to raise on a stand-alone basis an issue that the partner otherwise would be entitled to raise in conjunction with other issues. Some seem to suggest that the Court’s jurisdiction to consider a partner’s assertion of a limitations bar should depend upon whether the partner asserts the issue for all the partner’s affected years, in which case the Court would have jurisdiction to consider the assertion, or for fewer than all the partner’s affected years, in which case the Court would lack jurisdiction. Under this view, our jurisdiction would apparently be unquestioned if the Manroes had asserted the limitations bar for both tax years 2001 and 2002 but otherwise does not exist. Suffice it to say that it would be anomalous for this Court’s jurisdiction to depend upon the litigating tactics of well-advised (or poorly advised) partners. In any event, even in a circumstance in which a partner asserts the limitations bar for all affected years, as everyone acknowledges a partner would be entitled to do, the Court might well decide that the limitations period had expired with respect to fewer than all of the partner’s affected years. In that eventuality, the partner would remain a party to the action, but this circumstance would not disturb the Court’s exercise of jurisdiction in deciding that the limitations period had expired for some particular year or years. The Court’s jurisdiction to consider the limitations issue in a partnership proceeding is made more evident in the context of a readjustment petition filed by a partner. The flush language of subsection (d)(1) provides that a partner may file a readjustment petition under section 6226(b) or (d)(2) solely for the purpose of asserting that the period of limitations attributable to partnership items has expired with respect to the partner. If the partner filed such a readjustment petition to raise this sole assertion, that might well be the only issue presented in the action.[1] In such a case, it is not meaningful to say that the Court has jurisdiction to consider this issue only to determine whether the partner is a party to the action, since but for the partner’s bringing the action, there would be no action.[2] The only conceivable purpose of the action would be to assert that the limitations period had expired for that partner. By expressly permitting the partner to raise this issue pursuant to section 6226(b), the statute thereby effectively treats it as a partnership item within the meaning of section 6226(b)(1). The same sentence of subsection (d)(1) that permits a partner to raise the limitations bar in a readjustment petition also permits, without differentiation, a partner to participate in an action brought by the tax matters partner or another eligible partner. There is no reason to think that Congress intended that a partner’s ability to assert the limitations bar would be any more constrained in the latter circumstance than it would be in the former. In the final analysis, it would appear that the legislature perceived that a partner’s assertion of a limitations bar is so closely intertwined with the issue of whether the partner has an interest in the outcome of the partnership proceeding that the partner should be allowed to raise the assertion during the proceeding without regard to whether it might otherwise be regarded as a partner-level item. That result is consistent with the general legislative objective of centralizing resolution of disputes over partnership adjustments. Moreover, we note that in the case before us the issue of whether the underlying transaction is a “listed transaction” for purposes of section 6501(c)(10) must be decided according to the nature of transactions that occurred at the partnership level and, thus, could be considered a partnership item. See sec. 6231(a)(3); sec. 301.6231(a)(3)-l, Proced. & Admin. Regs. (If the transaction was a listed transaction, the partnership was required to file a disclosure statement.) Whether the limitations period remains open may also be considered a partnership item insofar as the partnership’s failure to file a disclosure statement operates to extend the limitations period under section 6501(c)(10) for assessing any tax with respect to the transaction. The duty to file a disclosure statement arises with respect to every partnership that participated, directly or indirectly, in a reportable transaction. Sec. 1.6011-4T(a)(l), Temporary Income Tax Regs., 67 Fed. Reg. 41327 (June 18, 2002). The partnership in this case participated directly in the transaction. The record shows that the partnership filed no disclosure statement with its 2001 or 2002 return. Consequently, the period of limitations remains open under section 6501(c)(10) for both the Manroes’ 2001 and 2002 tax years. This conclusion provides an alternative basis for this Court’s jurisdiction to consider the Manroes’ assertion of the limitations bar in this partnership-level proceeding.[3] It might be argued that the approach of the majority opinion could give rise to unexpected preclusive effects in future proceedings involving partners who could have but did not raise the issue of the limitations bar in the partnership-level proceeding. Any such argument ignores well-established caselaw holding that a statute of limitations defense as pertains to a final notice of partnership adjustments should be prosecuted in the context of the partnership-level proceeding rather than in a partner-level proceeding. See Crowell v. Commissioner, 102 T.C. 683, 693 (1994); McConnell v. Commissioner, T.C. Memo. 2008-167 (and cases cited therein).[4] In any event, there should be no unanticipated pre-clusive effects resulting from the case before us, since the only partners directly affected by the disputed partnership adjustments are the Manroes, who have in fact asserted the limitations bar in this proceeding.[5] The majority opinion does not purport to decide possible preclusive effects arising in other circumstances in other actions. It might be suggested that entertaining partner-level assertions of a limitations bar raises the specter that partnership-level proceedings may be made more complex or time consuming by requiring the Court to decide collateral issues relating to such assertions. Without question, however, the statute requires us to decide these issues where a partner asserts the limitations bar with respect to all the partner’s affected years. It is not such a great leap that the Court should also consider such issues where a partner asserts the limitations bar with respect to fewer than all affected years. After all, these issues have to be decided somewhere. Ultimately, it would serve no one’s interests (and undoubtedly would surprise the parties, who have not questioned our jurisdiction) for this Court to decline to address the Manroes’ assertion of the limitations bar and instead to require the parties and this or some other court to expend additional time and resources addressing the issue in some future proceeding. Colvin, Cohen, Wells, Vasquez, Gale, Marvel, Haines, Goeke, Wherry, Kroupa, and Paris, JJ., agree with this concurring opinion. Sec. 6226(b) provides that if the tax matters partner (TMP) does not file a readjustment petition, certain other partners may file petitions for readjustment of the partnership items. If more than one such partner brings an action under subsec. (b), the first such action brought goes forward in the Tax Court. Sec. 6229(b)(2). If the TMP has not brought an action and an eligible partner brings the sole action under subsec. (b) solely for the purpose of asserting that the limitations period had expired with respect to that partner, as permitted by the flush language of subsec. (d), there would be no other issue presented in that action. This analysis is complicated but not altered by the fact that pursuant to sec. 6226(d)(2), no partner may file a readjustment petition “unless such partner would (after the application of paragraph (1) of this subsection) be treated as a party to the proceeding.” Except for the provision in the flush language of subsec. (d)(1), which cured the problem for all purposes, this provision would give rise to the same sort of circularity previously noted with regard to the interaction of subsecs, (c) and (d)(1). It is true, as Judge Halpem notes, that the parties have not argued this point. Dissenting op. p. 470. But then again, neither party has questioned this Court’s jurisdiction. In collection actions brought pursuant to sec. 6330(d) the caselaw is similarly well established that the assertion of a limitations bar on assessment constitutes a challenge to the underlying liability, which is properly at issue in the collection proceeding only if the taxpayer has had no prior opportunity to dispute it. See Hoffman v. Commissioner, 119 T.C. 140, 145 (2002); Boyd v. Commissioner, 117 T.C. 127, 130 (2001). Apart from the Manroes, the only partners in the partnership are two trusts that the Manroes created for the benefit of their children. Because these trusts contributed only cash to the partnership, they have no basis adjustments to be adjudicated, now or later.