T.C. Memo. 2012-37

UNITED STATES TAX COURT

JERRY JOHN KOBS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11476-08L.                    Filed February 6, 2012.

Jerry John Kobs, pro se.

<u>Lisa Kathryn Hunter</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  On April 10, 2008, respondent mailed to petitioner a Notice

of Determination Concerning Collection Action(s) Under Section 6320 and/or

6330[1](notice of determination) in which respondent determined to proceed with collection by levy of deficiencies in petitioner's income tax, additions to tax, and interest for the tax years 2000 and 2001. In response, petitioner timely petitioned this Court for review of the notice of determination. After filing his petition, petitioner paid in full his 2000 income tax liability, and by order dated April 15, 2009, this case was dismissed as to the tax year 2000. What remains at issue is whether respondent abused his discretion in determining to proceed with the levy to collect the tax deficiency, additions to tax and interest petitioner owes for the tax year 2001.

## Background

Petitioner formerly owned and operated a trucking company known as Jerry J. Kobs, Inc. Petitioner lived in the State of Iowa when he filed the petition. He did not timely file an income tax return for the tax year 2001.

The Notice of Deficiency

Pursuant to section 6020(b), respondent prepared a substitute for return (SFR) in the light of petitioner's failure to file a 2001 Federal income tax return. Respondent included in the gross income of petitioner on the SFR as nonemployee

---

[1]Section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

compensation settlement payments of $122,000 on the basis of a Form 1099-S, Proceeds From Real Estate Transactions, Swanville Logistics issued for the tax year 2001. The SFR also included in the gross income of petitioner rent of $35,840, interest of $637, and a State income tax refund from the prior year of $128.

On June 18, 2004, respondent mailed a statutory notice of deficiency to petitioner, determining a deficiency of $52,527 in his income tax for 2001 and additions to tax of $11,818.58 and $2,078.65 under sections 6651(a)(1) and 6654, respectively. The adjustments to his income in the notice of deficiency were the same as in the SFR. Petitioner received the notice of deficiency but did not timely file a petition with this Court to challenge it.

Instead, on July 16, 2004, petitioner signed and sent to the IRS a completed Form 1040X, Amended U.S. Individual Income Tax Return, for the tax year 2001. On his amended return, petitioner reported $122,000 of nonemployee compensation on a Schedule C, Profit or Loss From Business, which indicated that the principal business was known as "CORPORATION SETTLEME," and deducted $122,000 as "Settlement on Corporation" under the category of "Other Expense". Petitioner also reported the interest income of $637 and rental income of $35,840. Respondent sent to petitioner an undated letter acknowledging the

receipt of petitioner's amended return sent on July 17, 2004, and requesting petitioner to substantiate his amended return. The record does not indicate that petitioner complied with that request.

Collection Due Process Hearing and the Notice of Determination

On April 9, 2007, respondent issued a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioner with respect to his 2001 income tax liability. Petitioner timely filed Form 12153, Request for a Collection Due Process Hearing, contending that the settlement payments were made to Jerry J. Kobs, Inc., as opposed to petitioner.

On February 25, 2008, Settlement Officer Lydia Noyola from Respondent's Office of Appeals conducted a telephone conference during which petitioner attempted to raise the issue of the underlying liability, stating again that the settlement payments were made to Jerry J. Kobs, Inc. SO Noyola informed petitioner that he could not raise the issue of the underlying liability because he had received a notice of deficiency. Petitioner did not make an offer-in-compromise of his 2001 tax liability and indicated that he would send the requested financial information.

SO Noyola stated that on the basis of his financial information provided during the telephone conference, petitioner was not eligible for an offer-in-

compromise. At the time of the administrative hearing, petitioner had $94,000 of present equity and had $50,000 of potential future equity in his trucking company. SO Noyola further instructed petitioner to complete Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, for the purpose of determining whether he would qualify for an installment agreement.

Petitioner became upset and requested that this case be transferred to the local office for the purpose of a face-to-face hearing. SO Noyola and her manager orally denied petitioner's request because he had already received a telephone hearing. SO Noyola sent the financial forms to petitioner, but petitioner never returned any completed forms. On April 10, 2008, the Appeals Office mailed to petitioner the notice of determination, apprising petitioner that respondent had determined to proceed with the levy to collect the outstanding tax liability for tax year 2001.

## Discussion

Under section 6331(a), if a person liable for a tax fails to pay it after demand, the Secretary may collect the unpaid amount, including any interest and additions to tax, by way of a levy "upon all property and rights to property * * * belonging to such person or on which there is a lien provided in this chapter for the payment of such tax." Section 6330(a) provides that no levy may be made on

any property or right to property unless a taxpayer has been given notice of, and the opportunity for, an administrative review of the matter. If dissatisfied with the outcome of such review, that taxpayer may seek judicial review in the Tax Court during which review the suspension of the levy continues.

The sole material issue petitioner raised at trial concerns the underlying liability he owed for the tax year 2001. Petitioner contends that the income was received by Jerry J. Kobs, Inc., as opposed to petitioner as an individual and that respondent is barred from collecting the entire settlement payment since he received only some of the settlement payments in the tax year 2001 as the payments were received monthly beginning in 1996. Petitioner's latter claim that the time to assess his tax has expired constitutes a challenge to the underlying tax liability. See Hoffman v. Commissioner, 119 T.C. 140, 145 (2002); Rodriguez v. Commissioner, T.C. Memo. 2003-153; MacElvain v. Commissioner, T.C. Memo. 2000-320. Where a taxpayer has received a statutory notice of deficiency or otherwise has an opportunity to dispute the underlying tax liability, that taxpayer cannot raise at the hearing challenges to the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B). Therefore, petitioner cannot now raise such claims because he already received a statutory notice of deficiency for that tax year.

Where a taxpayer cannot challenge the underlying liability, as is the case here, the Court reviews respondent's determination for abuse of discretion. See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001) (citing Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001)). The Court has described the abuse of discretion standard as meaning "'arbitrary, capricious, or without sound basis in fact or law.'" Giamelli v. Commissioner, 129 T.C. 107, 111 (2007) (quoting Woodral v. Commissioner, 112 T.C. 19, 23 (1999)). On the basis of that standard, the Court finds that SO Noyola did not abuse her discretion in sustaining the levy to collect the underlying 2001 tax liability. Petitioner merely disputes the underlying 2001 tax liability under section 6330(c)(2)(B). Furthermore, petitioner did not make an official offer upon which respondent can consider as a compromise in lieu of the 2001 tax liability, nor did he provide a Form 433-A upon which respondent can assess whether other collection alternatives could be available in his case. Therefore, respondent properly used the available methods under the Internal Revenue Code to protect the United States' claim against subsequent creditors.[2]

_____

[2]On December 7, 2009, the following abatements were made: tax of $43,423; additions to tax under sec. 6651(a)(1) of $7,704 and sec. 6654 of $1,715; and interest of $3,957. The abatements reduced petitioner's assessed balance from $85,861 to $19,292.

## Conclusion

On the record, the Court holds that petitioner cannot raise his underlying tax liability for the tax year 2001 because he had previously received a notice of deficiency and did not timely file a petition with the Tax Court to challenge that notice. Petitioner's filing of an amended return did not preserve his right to raise the underlying liability issue. The Court further holds that the Appeals Office did not abuse its discretion in sustaining the notice of determination to proceed with the levy to collect the tax liability for the tax year 2001.

In reaching the conclusions herein, the Court has considered all arguments made and, to the extent they are not mentioned above, finds them moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.