T.C. Memo. 2005-38

UNITED STATES TAX COURT

EDYTHE FISHBACH, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10912-04L.           Filed March 2, 2005.

Edythe Fishbach, pro se.

Marc L. Caine, for respondent.

MEMORANDUM OPINION

LARO, Judge:  Petitioner petitioned the Court under sections 6320(c) and 6330(d) to review respondent's determination as to his notice of tax lien upon petitioner's property.[1]  Respondent filed the notice of lien to collect 1996 Federal income taxes

_____

[1] Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

with related additions thereto totaling approximately

$24,860.85.[2]  Respondent has filed a motion for summary judgment

under Rule 121, which petitioner opposes.  We shall grant

respondent's motion for summary judgment.

## Background

Petitioner failed to file a Federal income tax return for

1996.  On May 18, 1999, respondent mailed petitioner a notice of

deficiency, determining a deficiency for 1996 of $20,871, with

additions to tax under sections 6651(a)(1) and (2) and 6654(a) of

$2,286.90, $1,219.68, and $483.27, respectively.   On August 13,

1999, petitioner petitioned this Court to redetermine these

amounts.  See Fishbach v. Commissioner, docket No. 13906-99S.

Because petitioner failed to prosecute her case, this Court

dismissed it on February 20, 2001, and entered a decision for

respondent in the amounts stated in the notice of deficiency.

On February 6, 2003, respondent mailed to petitioner a

Notice of Federal Tax Lien Filing and Your Right to a Hearing

Under IRC 6320.  Petitioner filed a request for the referenced

hearing and then ceased all communication with respondent, save

for one cryptic Form 656, Offer in Compromise, which stated as

its basis a doubt as to liability but contained no supporting

documentation.  Petitioner did not reply to respondent's efforts

---

[2] We say "approximately" as these amounts were computed
before the present proceeding and have since increased on account
of interest.

to schedule the hearing.  On June 17, 2004, respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed lien.  This petition followed.

## Discussion

Summary judgment may be granted with respect to any part of the legal issues in controversy if the records before the Court "show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Craig v. Commissioner, 119 T.C. 252, 259-260 (2002).

Respondent bears the burden of proving there is no genuine issue of material fact; all facts are interpreted in the light most favorable to petitioner.  Craig v. Commissioner, supra at 260.  However, petitioner must do more than merely allege or deny facts; she must set forth "specific facts showing that there is a genuine issue for trial."  Rule 121(d); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Under this standard, petitioner has failed to raise any genuine issue of material fact, and summary judgment is appropriate.

Where a taxpayer liable for a tax liability fails to pay it after respondent demands payment a lien is by statute imposed upon all property and rights to property owned by the taxpayer. Sec. 6321.  We review nonliability administrative determinations for abuse of discretion, and we review determinations as to the

underlying tax liability de novo.  See <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Hoffman v. Commissioner</u>, 119 T.C. 140, 144-145 (2002).

Petitioner raises no valid legal arguments.  She argues, in both her request for a hearing and in her petition to this Court, that she does not owe any tax for 1996.  This she may not do.  Petitioner, having received a notice of deficiency and having forgone the opportunity to challenge her underlying liability in her prior case, is barred from doing so in this case.  See sec. 6330(c)(2)(B); <u>Ginalski v. Commissioner</u>, T.C. Memo. 2004-104.

C.  <u>Conclusion</u>

We shall grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.