T.C. Summary Opinion 2006-115


UNITED STATES TAX COURT


CHARLES MICHAEL SNYDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20546-03S.                    Filed July 18, 2006.


Charles Michael Snyder, pro se.

<u>Kelley A. Blaine</u> and <u>Wesley F. McNamara</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sent to petitioner on October 31, 2003. The issue for decision is whether respondent abused his discretion in determining that the proposed levy action to collect petitioner's unpaid Federal income tax for 1994 through 1999 should proceed.

Background

The facts have been stipulated, and they are so found. This case was submitted fully stipulated pursuant to Rule 122. At the time his petition was filed, petitioner resided in Portland, Oregon.

Petitioner filed Federal income tax returns for the taxable years 1994 through 1999 but did not pay in full the tax he reported. Respondent assessed the taxes shown on petitioner's returns, but eventually designated his account "currently not collectible", meaning that respondent would suspend enforced collection of petitioner's outstanding tax liabilities. After petitioner failed to file his 2001 tax return, however, respondent removed the "currently not collectible" designation and proceeded with collection efforts.

In March 2003, respondent sent petitioner a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing with respect to the taxable years 1994 through 1999. Petitioner timely

submitted a Form 12153, Request for a Collection Due Process Hearing. His case was assigned to an Appeals officer, who sent petitioner a letter requesting information and scheduling an administrative hearing for October 8, 2003. Petitioner did not attend the hearing.

The Appeals officer and petitioner thereafter exchanged correspondence. Petitioner initially raised a spousal defense under section 6015, but abandoned this argument because he did not file joint tax returns for the years at issue. Petitioner indicated that he was unable to pay his tax liabilities but did not provide financial information that the Appeals officer had requested. Petitioner also sought to challenge his underlying tax liabilities, asserting that the tax reported on his 1994 through 1999 tax returns was incorrect. Petitioner made various contentions about losses incurred in connection with oil and gas interests in Texas; however, he did not provide the Appeals officer with information concerning these interests. The Appeals officer informed petitioner that if he wished to dispute his underlying tax liabilities, he should file amended returns. Petitioner did not file an amended return for any of the years at issue.

Respondent issued petitioner a notice of determination on October 31, 2003, sustaining the proposed levy action. The notice of determination stated that the requirements of

applicable law or administrative procedure had been met, and that the levy action balanced the need for the efficient collection of tax with the concern that any collection action be no more intrusive than necessary.

## Discussion

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for tax who fails to pay the tax within 10 days after the notice and demand for payment is made. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to unpaid tax only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy is made.

If a section 6330 hearing is requested, the hearing is to be conducted by the Office of Appeals, and, at the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(b)(1) and (c)(2). The taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability at a hearing if the taxpayer did not receive a

statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability.  Sec. 6330(c)(2)(B); Montgomery v. Commissioner, 122 T.C. 1, 8-9 (2004).

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations.  Sec. 6330(d); Iannone v. Commissioner, 122 T.C. 287, 290 (2004).  We review nonliability administrative determinations for abuse of discretion, and we review determinations as to the underlying tax liability de novo.  Fishbach v. Commissioner, T.C. Memo. 2005-38 (citing Hoffman v. Commissioner, 119 T.C. 140, 144-145 (2002), and Sego v. Commissioner, 114 T.C. 604, 610 (2000)).  Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. See Freije v. Commissioner, 125 T.C. 14, 23 (2005); Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 371 (1995).  In reviewing for abuse of discretion, we generally consider only arguments, issues, and other matters that were raised at the administrative hearing or otherwise brought to the attention of the Office of Appeals.  Magana v. Commissioner, 118 T.C. 488, 493 (2002); sec. 301.6320-1(f)(2), Q&A-F5, Proced. & Admin. Regs.

Petitioner did not receive a notice of deficiency for any of the years at issue. He therefore may challenge his underlying tax liabilities. We review respondent's determination of petitioner's underlying tax liabilities de novo. We review respondent's nonliability administrative determinations for abuse of discretion. See Fishbach v. Commissioner, supra.

1. Petitioner's Underlying Tax Liabilities

Petitioner raises two challenges with respect to his underlying tax liabilities, both of which focus on the burden of proof. First, petitioner notes the liabilities at issue are self-assessed; i.e., they are based on petitioner's tax returns. Because petitioner now disputes the accuracy of his returns, he appears to argue that the validity of his assessed tax liabilities is called into question. Petitioner believes respondent therefore must prove that the underlying tax liabilities are correct. We disagree.

The Secretary shall assess all taxes determined by a taxpayer as shown on the taxpayer's return. See sec. 6201(a)(1). Where a taxpayer later disputes his underlying tax liability in a lien or levy proceeding, the taxpayer generally bears the burden of proof. See Poindexter v. Commissioner, 122 T.C. 280, 286 (2004), affd. 132 Fed. Appx. 919 (2d Cir. 2005); Horn v. Commissioner, T.C. Memo. 2002-207. Thus, respondent properly

assessed the tax shown on petitioner's returns, and petitioner bears the burden of proving his returns are inaccurate.

Petitioner's second argument is that his tax returns do not reflect losses incurred in connection with his oil and gas interests. Petitioner concedes that he does not have records to support the claimed losses. Petitioner asserts that the parties involved in the litigation of his oil and gas interests have refused to provide him with any information, thereby making it impossible for him to provide substantiation. For reasons that are not clear, however, petitioner insists that respondent has or should have such information in respondent's administrative file. Petitioner therefore believes that respondent has evidence of the losses and should reduce petitioner's outstanding tax liabilities accordingly.

Deductions are a matter of legislative grace, and a taxpayer generally bears the burden of proving that he is entitled to the deductions claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992). A taxpayer bears the burden of proving a deductible loss, as well as the extent and amount of the loss. Citron v. Commissioner, 97 T.C. 200, 207 (1991).

In this case, petitioner has not produced any credible evidence that he sustained a deductible loss in connection with his oil and gas interests. Petitioner believes that respondent has relevant information that petitioner has been unable to

obtain. Petitioner has not explained the basis for this belief, nor does the record support his contention. Petitioner may be arguing that respondent is required to compel the parties to the litigation to provide petitioner with relevant information. Assuming this is the case, petitioner is mistaken. The Commissioner is not obligated to obtain records from third parties on the taxpayer's behalf. See Poindexter v. Commissioner, supra at 282-286 (Commissioner's refusal to subpoena records on taxpayer's behalf did not relieve taxpayer of his burden of proof); Horn v. Commissioner, supra; see also sec. 6001 (taxpayer is required to maintain adequate records). We conclude that petitioner has failed to prove his underlying tax liabilities should be reduced.

## 2. Petitioner's Proposed Collection Alternatives

Petitioner asserts that he is unable to pay his tax liabilities. Petitioner did not provide financial information to substantiate this assertion, however, nor did he offer a credible explanation for his failure to do so. Petitioner contends that he submitted an offer-in-compromise (OIC) several years ago to an Internal Revenue Service office in Utah. The OIC was not made part of the record, and petitioner does not argue that he submitted an OIC to the Appeals officer in connection with the proposed levy action. Thus, it appears that petitioner did not raise an OIC or other collection alternative with the Office of

Appeals.  See sec. 6330(c)(2); <u>Magana v. Commissioner</u>, 118 T.C. at 493.

Even if petitioner had raised an OIC as a collection alternative, the result in this case would not change.  Where a taxpayer is noncompliant with Federal tax laws or does not provide current financial information, the Commissioner's refusal to process an OIC is not an abuse of discretion.  <u>Roman v. Commissioner</u>, T.C. Memo. 2004-20; <u>Rodriguez v. Commissioner</u>, T.C. Memo. 2003-153.  Petitioner's failure to file his 2001 tax return and provide respondent with current financial information would therefore preclude us from finding an abuse of discretion.

On the basis of our review of the record, we conclude that respondent satisfied the requirements of section 6330 and did not abuse his discretion in sustaining the proposed collection action against petitioner.  Respondent's determination therefore is sustained.  In reaching our holding, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.